v. Michael Stefanski, appellant by Adam Weaver Mr. Stefanski appeals the denial of his motion to withdraw his guilty plea. Mr. Stefanski raises two issues in his appeal. The second issue regarding a faulty 604D certificate. We stand on the arguments raised in the briefs. For our argument this morning, we will focus on the trial court's abuse of discretion by denying the motion to withdraw. And ask this court to reverse and remand for a new motion to withdraw a hearing before the trial court can appropriately exercise its discretion. In this case, the court abuses discretion when it did not realize that it had the discretion to allow the defendant to withdraw his guilty plea for a collateral consequence. A guilty plea must be knowing, intelligent, and voluntary. However, the defendant's misapprehension of a law or facts about an important misunderstanding can still be a reason for the court to withdraw that guilty plea, even if it is just for a collateral consequence. And the court does have discretion to withdraw a guilty plea for a collateral consequence and should consider all of the reasons presented at the motion to withdraw hearing before making a decision. Now, the court is not required to deny all motions based on collateral consequences. They don't have to. A guilty plea's effect on things like employment, housing, and especially possible registration as a sex offender they're all important things that would obviously affect a person's ability to intelligently accept a guilty plea even though it is for a collateral reason. That's exactly why the legislature added those things to the plea statute only a few months after the defendant's hearing in this case. It essentially said that some things like employment are too important that we're not going to let you plead guilty to those things unless we know that you know about it beforehand. What's the authority for requiring the court to do that before the statute was amended? I'm sorry, Your Honor, that's the first part of your question. What is the authority for requiring the court to do that before the statute was amended? Well, there is none. Well, there's no statutory authority for that, Your Honor. It would be based on the trial court's discretion to allow that motion to withdraw. But not if that plea were entered in after the amendment. Am I correct? I'm sorry, I don't understand your question, Your Honor. Well, there was an amendment which basically articulated what the consequences are that are mandatory to be presented to a defendant. Yes, Your Honor, I understand that. Yeah, so unfortunately for you, you don't have that statutory authority. You're making the argument that the prior statute said fully explain to the defendant the consequences of such a plea. That is correct, Your Honor. The statute... If you're saying it's not retroactive, you've got to stay with that earlier. I understand your question, Your Honor. We are saying that the first part of the argument says that that should be, excuse me, that that amendment should be applied retroactively to the defendant. If this court decides that it shouldn't be applied... Well, tell us why we should decide that. Well, Your Honor, that statute, based on what we argued in the briefs, that statute should apply, it's a procedural statute that should apply retroactively to the defendant. The one issue that we discussed in the briefs was the Supreme Court's decision that people be hunted, that most recently said that in this situation, it's no longer an issue that's ongoing and proceeding in the trial order, and therefore eliminating retroactive applicability to cases pending on direct appeal. But as we argued in the briefs, that people be hunted really should be only applied to that case where it was incorrectable to send adult defendants back to the juvenile court. So if Your Honors don't believe that it should be applied retroactively, the second part of that argument is that the court still has the discretion, its own discretion, to withdraw the guilty plea based on what would be a collateral consequence at that time. There's no rule that says that the trial court must automatically and mechanically deny motions, a motion to withdraw the guilty plea based on collateral consequence. They can take that into consideration and still withdraw the guilty plea based on things like, like I said, employment and housing and having to register as a sex offender, for example. So not based on statute, but based purely on their own discretion. Isn't that just another way of saying apply the statute retroactively? Not entirely, Your Honor, because let's say that the defendant wanted some other hypothetical reason that didn't apply to, you know, that wasn't included or enumerated in the statute, the court could still consider whether or not that's a good reason that maybe the defendant would want to, or necessary to withdraw the guilty plea. It just so happens that the defendant said that he didn't understand how it would affect his employability, and several months later the statute was amended to say that now the court would have to admonish him on that reason. That just adds to the... Well, you're saying that might help inform the trial judge in applying the, at the time, he was only governed by the prior statute. You're saying that that might inform the trial court that that's a good grounds to allow the withdrawal, because apparently the people of State of Illinois considered it should be articulated that it would have to be given to the defendant. That's exactly right. But the trial judge still has an abuse, still has discretion to grant or to deny that motion. That's correct. And so you're saying that it's an abuse because... In this case it was an abuse of discretion because the court only said that it did not have to tell the defendant about collateral consequences and didn't recognize that it could still withdraw that guilty plea based on what we're talking about today. Now is that a true understanding of the law at that time? That the court could withdraw a guilty plea based on collateral consequences? That the court was under no obligation to present collateral consequences in accepting a guilty plea or informing the defendant. That is correct. At the time, the court went through the admonishments beforehand and decided that unless that misses something, we'll do it. Well, you're saying that the trial court affirmatively said, I don't have to tell you, I didn't have to tell you that. Right? That's right, Your Honor. In ordinary language. That's right, Your Honor. Okay. Is that true? At that time? At that time, the court didn't have to... The trial court didn't have to admonish the defendant about the employment consequences of accepting a guilty plea. Okay, there was no common law there that said that. No. Because there's clearly, arguably, there's a big, large language there, even under that prior statute of consequences, that you're saying that there was no articulated, mandatory decisional law saying you must talk about consequences of, potential consequences of a conviction... That's correct. ...leading to these difficulties, right? That's correct. Unfortunately. And how do you define an abuse of discretion? When does a trial judge abuse per his discretion? In this case, the trial court not recognizing that it had discretion wasn't self-abuse of discretion. There was an articulation of that. Now, what did the trial judge actually say? The trial judge actually said, from page 53, said, it's clear what happened here was that he started realizing what the collateral consequences of a conviction was. That's a collateral consequence. The court is not required to advise on the collateral consequences. Wait, wait, I'm sorry. You're mumbling. What's that? I'm sorry, Your Honor. The exact passage from page 53 is, it's clear what happened here was, after he got out, he started realizing what the collateral consequences of a felony conviction were, such as it can make it tough to get a job. That's a collateral consequence. The court is not required to advise him of that collateral consequence. The fact that he might not have known or understood that does not make it clear... Well, you just said that he didn't think he had discretion. That's right, Your Honor. He has discretion not to do it at that time. I'm not required to. It didn't say I'm not permitted. Not required to advise him of the collateral consequences. It was what we were just talking about before. There's no statute at that time that required him to do that. It didn't say, necessarily, I'm not required to deny your motion of withdrawal. So, I'm not required to means I don't have discretion. I think that's what you... I think, well, I'm trying to figure out... I'm not required to means that... Yes, I'm not required to mean that they do have discretion. It means they do. I'm getting turned around here. I know you are, because I'm just asking, when does a trial judge abuse her or his discretion? When they do what? In this case, it would be when they didn't recognize that they could have withdrawn that guilty plea. They had the power to withdraw that guilty plea. It's not as cut and dry and automatic as, I didn't have to tell you this, so I don't have to, so I can't withdraw your guilty plea. Did he consider, did the trial judge consider, other than the fact that he wasn't required to give it to him, the argument that the defendant was making about this collateral consequence in terms of, you know, substantively in terms of, I guess it would be under the old statute, or it would be under number four, so the ends of justice being better served by submitting the case to a jury. Do you consider the request... That's not critical. It just wasn't included in the court's comments. So again, the court did not find that the defendant is not credible, only that it was not important to admonish the defendant of collateral consequences. And as we've said before, the trial court abuses discretion by not realizing that. Therefore, we ask this court to reverse and remand for a new motion to withdraw the hearing where the trial court can approve. Thank you. Thank you, Mr. Weaver. Ms. Morton. Good morning. Good morning. May it please the court and counsel, my name is Jasmine Morton. I represent the people of the state of Illinois in this matter. In this case, the defendant pled guilty in a fully negotiated plea to felony battery and misdemeanor retail theft. Defendant... That happened in December of 2015. A defendant moved to withdraw his guilty plea, arguing that he did not understand what a felony meant and was not aware of the implications of a felony conviction on his record. That hearing was held in 2016, I believe, March. Defendant... The trial court found that that motion to withdraw should be denied as his inability to gain the employment that he desired was a collateral consequence and not required of the court to admonish the defendant of that based on the statute that was in place at the time and based on Rule 402, was not required of the court to make the defendant aware of that. And that was one of the many factors that the defendant could have discussed in his motion to withdraw his guilty plea, and that was the only factor that he discussed. It was one of the things that the court could have considered, but that was the only thing that was discussed. And defendant was on a paper route. That was his only source of employment at that time. It's unfair based on the record because the defendant didn't bring it into evidence by bringing in any employers that he had applied for a position with, saying that it was, in fact, his felony conviction, that he was rejected from those positions. It's very unclear as to why he didn't get those jobs. The defendant is claiming that it was because of this felony conviction and not being aware of what a felony was, but that's unclear based on the record. But ultimately, the trial judge gave proper admonishments to the defendant at the time of the plea. And now that the rules have changed in 2017, almost a year later, the defendant wants retroactive application. But the proceedings have been completed. But even if we disregard, we know that, you know, now and a hundred, that there's not retroactive application in this case. But when somebody comes and says it wasn't knowing because I didn't understand what a felony meant, isn't that reasonable to think that, you know, this is a consequence, collateral as it may be, does it go to whether, you know, a knowing involuntary acceptance of what the charges are and the consequences of those charges? I think it says, you know, that you have to be informed about the charge against you, the penalties, the consequences of the plea of guilty. Isn't it, I mean, doesn't that, I mean, it's something that certainly is a, you know, goes along with a felony and it's harder to get a job as evidenced by the change in the statute. But even before the statute, I mean, isn't it, if you don't know where a felony is or the consequences of a felony, wouldn't that go to the voluntary, isn't the knowing nature of taking the plea? Well, at the time that the child judge accepted the defendant's guilty plea, he was admonished under the current rules or the rules at that time and under Rule 402. So he was aware of the nature of his charges. He was aware of the penalties that he faced if found guilty of the charge. And he accepted a plea for probation for this particular offense or these offenses. The fact that the defendant was unaware of how difficult it might be to gain employment or the type of employment that he desired, because he was employed, the type of employment that he desires, that is, the defendant still bears the burden to make it clear to the court what the injustice is that he's experiencing. And the collateral consequence is important, but it is only one factor in the trial court's determination of whether or not this was a knowing, voluntary, guilty plea. Defendant knowingly made this plea in order to be released on probation for this felony battery and misdemeanor retail theft. And there's no evidence on the record that the defendant presented any additional evidence to show that this was an unknowing or involuntary plea on his part. So what is it that the defendant, in seeking withdrawal of his plea, has to demonstrate? He has to demonstrate, or he has no absolute right to have his guilty plea withdrawn. Because it's discretionary with the court? Yes. It is allowable if the defendant entered a guilty plea under the misapprehension of law or facts, if there's a doubt of defendant's guilt at that point, there's a defense worthy of consideration of the jury, and the ends of justice are better served by having the case go to the jury. Defendant didn't argue that he would like a jury trial because now he is innocent of a crime or there's some doubt of his guilt. Those particular factors don't apply. The factor that may apply is his misapprehension of the law or the facts. But again, his argument that was made as a collateral consequence that he was unaware of is only one of many other things that the defendant, it only becomes a drop in the bucket or a feather in the hat as to him meeting his burden of proving that his guilty plea should be withdrawn. Okay, so you're saying in this case, his claim, you think, falls under misapprehension of the law? That would be his argument. If it was one of those four factors that we were going to say apply. And you're saying it's, what factor is it that you would say you see his claim being brought? Misapprehension of the law or the facts in this case. Well, the law in this matter. But the law at the time of his... Does the law prohibit discrimination on the basis of the conviction of the felony? I'm sorry? Does the law prevent discriminating in the employment environment because the applicant has a felony conviction? No. Okay, so... So maybe it's misapprehension of fact that he didn't recognize that a felony could have consequences for his employment. Yes. And simply because defendant was unaware of that factor, a factor that the court at that time was not required to disclose to the defendant, and the defendant is not pleased with the type of employment that he has, even though he is employed, that factor, the court determined, was not enough to rise to his guilty plea being withdrawn. And it's people's position that there was no abuse of discretion as the court clearly reviewed the admonishments that they gave, reviewed what the defendant agreed to, and determined that the guilty plea should not be withdrawn. Yeah. I mean, obviously he didn't allege that I wasn't properly admonished, did he? I mean, in the sense that... I'm really putting this to context because when I... I'm confused that we used to... If you take the statute in force and effect at the time, you can't accept a plea until the court shall have fully explained to the defendant the consequences of such plea. Correct. And that was explained to the defendant. These are the penalties you face under this past... No, it says conjunctively, and the maximum penalty provided by law for the offense, which may be imposed by the court. But the first says, fully explain to the defendant the consequences of such plea. And... I think we always want to say, all the consequences of incarceration are the consequences of... That's why we call it collateral consequences, right? Correct. And so what was the state of the law at that time as to informing of, quote, collateral consequences? Because clearly the court under statute is required to disclose the maximum penalty. Okay. So when we look at the case law, such as Delaware, Illinois Supreme Court case in 2009, it found that immigration consequences, the risk of a defendant being deported, is a collateral consequence, and the immigration admonishment was directory, not mandatory, because the rule lacked negative language that prohibited the court from accepting the guilty plea if it failed to give the admonishment. Because the admonishment was directory, the failure to admonish the defendant of the potential immigration consequences of his plea was only one factor to be considered in the motion to withdraw. So even if the court felt as though, perhaps that should have been disclosed to the defendant, the defendant did not present enough evidence to show that this was not a voluntary plea. That it was not knowingly made. And the court determined that the defendant is somewhat disgruntled that he can't get certain positions, but he is, in fact, deployed. And the fact that he can't get certain positions and you don't present any evidence as to, do you come to work on time? What kind of positions did you apply for? What is your level of education? There could be numerous reasons as to why this defendant was not employed in the position that he truly desired. Well, didn't he say, I always worked before, and after this I've had four, you know, I lost my job because I went to jail, and then I had four job interviews, and it sounds like basically he said, you know, I've always worked, and now I've done, you know, by accepting this plea, now I get out and find that I am going to have to deliver these papers, or, you know, this is, you know, now I understand something about a felony that I, you know, that wasn't explained to me, nor it didn't have to, but I, so I didn't really understand all of this, so I had a misapprehension, I guess, as, you know, Justice McDade said, of the facts, so, you know, and it doesn't seem like the judge addressed that as a substantive issue, but rather said, no, I didn't have to tell him about that, so he knew about, you know, the consequences, because I told him what I was required to tell him, but is that enough now based on his, like, it would jam me up like this, and I, you know, couldn't go back to the job I had or get any other job? I mean, is that, you know, fair to say that no, because I wasn't required to tell you something, that that means that if I didn't tell you, because I didn't have to, that you're deemed to have known, or that it can't matter, you know, that the only thing that you have to know about an offense is what I am legally required to tell you, but isn't, I mean, he can say, no, there were all these other things, and I'm not saying it's your fault, Your Honor, but I didn't understand those, and that's part of what this felony is. It's part of the consequence of this charge, so isn't, you know, why is it not, you know, legitimate for him to say, I didn't understand all of this, regardless of what you're legally required to tell me. We all know that those aren't all of the consequences. There are other consequences. I mean, I guess what's so hard about this is we are really looking in the rear view mirror because you see that we all recognize that, and the legislature recognizes that these collateral consequences are very important, so we're saying, yeah, these are legitimate, and, you know, if you just would have been charged six months later, the case would have probably been pending, and the legitimacy would be mandatory, you know, it would be legislatively defined, but because it wasn't, it's not legitimate. I mean, I just don't know how you get around that argument. I mean, just because the judge didn't have to tell him that doesn't mean that it wasn't legitimate for him to think he should know about it, you know, or understand it, you know, before thinking he knew about his consequences. So, a few things. One, the trial judge was required to notify him of the direct consequences that the judge has some control over. Those indirect or collateral consequences, that could honestly, periodically, everything under the sun. His girlfriend could have left him because he has a felony conviction. There could be so many different reasons why a defendant is unable to get a job or any other impacts where he lives. It could impact a whole host of things. And the judge would be there for days explaining all of the different reasons why or ways why this felony conviction could negatively impact you, sir. And the legislature and the Illinois Supreme Court at that time made it a requirement to disclose X, Y, and Z to the defendant. And that was what was disclosed to him. The fact that the defendant is having a difficult time getting a job and now the legislature has changed the law or amended the law, which is our position, should not retroactively apply to the defendant because it's no longer an ongoing proceeding. He's now... I think that's settled. So you don't have to try and convince us of that. Two minutes, please. But the fact that there was a change in the law should not impact what has happened in this particular case. Just because the legislature made a change and wanted to add these collateral consequences to the admonishments should not impact how we look at this particular case. Because the defendant was aware of everything that he was supposed to know at that time. And the fact that the defendant is having a difficult time getting a job should not be treated as a reason to withdraw his guilty plea. And the true consideration is whether or not the court acted reasonably in this case. And based on the rules in front of the trial judge at that time, he acted reasonably based on the law. What would we have to find to determine that there was an abuse of discretion by the trial court here? It would have to be proven that the court's ruling was arbitrary, fanciful, unreasonable, and no reasonable person would take the view adopted by the trial court based on the law that the trial court was following at that time. And it's not any of those things, right? Correct. It's not any of those things. And why? Why is it not any of those things? Because the trial judge was following the law at the time and based on the evidence that was relayed to the trial court in that motion to withdraw the defendant's guilty plea, the judge still consistently found that this plea was given voluntarily and knowingly. The fact that the defendant, again, is having a difficult time finding the work that he truly desires is not dispositive of his felony conviction. As no evidence was presented concretely showing, or even circumstantially showing, that this conviction is the reason why the defendant is unable to get his desire in the way. If there are no further questions, the stage is asked to be adjourned on this conviction. Thank you. Thank you. Mr. Weaver, any rebuttal? No, thank you. Well, I do have a question. Oh, certainly. I think finally, you know, we get to what abuse of discretion is supposed to be. Okay, so why was this arbitrary, fanciful, all of those things that are in case law that tell us that's what underlies an abuse of discretion by a trial court? It's one of those things. How was... Yeah, how did the judge abuse... ...the case arbitrary, fanciful, and so on and so forth? Right. I have a question, Your Honor. Yeah. Again, Your Honor, it goes back to the judge not fully applying his discretion in this case. That would be... I guess it doesn't at this very moment fit into any of the boxes of arbitrary or fanciful, but the Supreme Court is helping a judge's... or a trial court's not recognizing that it has a discretion in an area that is in self-abuse of discretion. Okay. And then I want to note while I'm standing here that in response to the State, the defendants shouldn't have to come in and show that his conviction caused them to lose employment or difficulty finding a job. I think it's pretty clear in this case that there's not just a drop in the bucket. He's dropped in the bucket to the defendants, and he shouldn't have to bring his resume to the court to show and allege that his conviction affected his employability. He can just ask judicial notice? Well, I don't think that he would have to allege... It would be very difficult for him to prove, as the State has pointed out, that his employment was affected by his conviction. Obviously, none of those employers are going to say, I'm not hiring you because you're a felon, but... Well, can they? I think there's still a lot to discriminate based on convictions. Although I think there's kind of a gray area at the moment. You used to be able to ask on... I know, obviously this was brief, but you used to be able to ask on job applications whether or not you had a conviction, and now we've gone away from that. But there certainly is no... They can still discriminate based on convictions. However, that's... As I said, it would be difficult for the defendant to show that, and he shouldn't have to show that in this case. Thank you. Are there any other questions? We thank both of you for your arguments this morning. We'll take the matter under advisement, and we'll issue a written decision.